# United States District Court
# District of Massachusetts

---

No. 6:25-cv-00232 #13

FRANCIS OBIORA ENWONWU

Petitioner

V.

US DEPARTMENT OF HOMELAND SECURITY; IMMIGRATION AND CUSTOMS ENFROCEMENT; ALLEN PARISH PUBLIC SAFETY COMPLEX; UNITED STATES ATTORNEY GENERAL

Respondent(s)

---

FILED INJUNCTION BLOCKING REMOVAL FROM THE UNITED STATES, UNDER 8 U.S.C.S. 1252(F)(2), A COURT MAY NOT ENJOIN THE REMOVAL OF AN ALIEN SUBJECT TO A FINAL REMOVAL ORDER, UNLESS THE ALIEN SHOWS BY CLEAR AND CONVINCING EVIDENCE THAT THE ENTRY OR EXECUTION OF SUCH ORDER IS PROHIBITED AS A MATTER OF LAW. 1252(F) (2).
THIS INJUCTION MAY PREVENT BIA'S ORDER FROM TAKING EFFECT AND THEREFORE BLOCK REMOVAL WHILE ADJUDICATING THE HABEAS CORPUS WRIT 2241, AND THE POWER TO HOLD AN ORDER IN ABEYANCE WHILE IT ASSESSES THE LEGALITY OF THE ORDER IS DESCRIBED AS INHERENT, SUCH AS HERE WHERE THE ORDER OF REMOVAL ENTERED ON 09/24/22021 WAS LEGALLY PROHIBITED TO BE USED AS BASIS FOR THE 02/18/2025 DEPROTATION ATTEMPT THROUGH DALLAS TEXAS, VIOLATING THE UNITED STATES SUPREME COURT SET PRECEDENT ON DUE PROCESS RIGHTS WITH CONSTITUTIONAL QUESTIONS ON THE LEGALITY OF BIA'S DENIED STAY OF REMOVAL ON 02/13/2025 WHILE THE MOTION TO REOPEN WAS CURRENTLY PENDING.

FILED
IN CLERK'S OFFICE

2025 MAY 14  PM 12: 15

DISTRICT OF MASS.

## CASE BACKGROUND

Enwonwu filed a motion to reopen with BIA on July 5 2024, with a requested stay of removal, during the pendency of that appeal, the BIA denied Enwonwu his filed pending Motion to Stay Removal on February 13 of 2025 raised these "underlying equitable constitutional question of law raised herein"

This entirely explained, fundamentally, per the due process clause liberty interest, as Enwonwu whom was admitted into the United States as a (Green card holder) under the legal status doctrine that the government is burdened to consider" procedural due process protections, constitutionally given during the removal attempt made on Feb 18[th] 2025 through Dallas, TEXAS.

In contrast to Enwonwu a person who have lived in the United States for 24 years" whom the government seeks to remove without procedural due process protections during his removal. See *Yick Wo V. Hopkins*, 1188 U.S. 356, 6 s. ct 1064, 30 L. Ed 220 (1886): Zadvyas V. Davis, 533 U.S. 678, 693, 121 S. ct. 2491, 150 L. Ed. 2d 653 (2001) – see. Ignatz Mezei, 143 u. pa. L. Rev. 933, 958 (1995)

As supreme court of the United States dictated their precedent on Griffin V. Him Florida – ORL, LLC, 601 U.S.__, __,144 S. ct. 1,217 L. Ed. 2d 227, 228 (2023) (Kavanaugh, J. Statement respecting denial of application for stay) See also, e-g. Department of Homeland Security V. New York. 589 U.S.__, __, 140 s.ct. 599, 206 L. Ed. 2d 115, 117 (2020) (Gorsuch. J., concurring in grant of stay)

Enwonwu have shown the BIA " A reasonable probability that Supreme Court of the United States set precedent, will allow a grand Certiorari" In order to obtain an emergency stay as his matters before BIA concerns a "Constitutional questions raised on July 5th of 2024 through a filed motions to reopen. See Maryland v. King, 567 U.S. 1301, 1302, 133 S. ct. 1, 183 L. Ed. 2d 667 (2012) (Roberts C.J. In chambers).

Enwonwu, relates to Labrador V. Poe, 144 s. ct. 921 when the attorney general rushed to remove "From Ellis Island before congress could act, Justice Jacksons (who had vigorously dissented in the case) Issued a stay from this court of the United States Supreme court." See id. at 958, n 127. After extensive advocacy. The attorney general ordered Immigration officials to reopen the case. See id. at 961 – 962. Eventually , Knauff Labrador won her Immigration case before the removal. (Decision dated 06/21/2024).

United States court of appeals for the fifth circuit, dictated their precedent on United States V. Texas 144 S. Ct. 797 …Stays: Power and Procedure, 97 Notre

2

Dame L. Rev. 1941, 1942 (2022) (Bayefsky). Deciding whether to grant a stay pending appeal requires consideration of the four Nken facts, which include an assessment of the applicant likelihood of success on the merits. That is not always easy to evaluate in haste, and an administrative stay buys...request that any such stay itself be stayed for seven days pending an application to this court, and the fifth circuit granted that request in its order. It is surprising that the United States has treaty obligations concerning where it may remove citizens of other ... abate state removal processing's. 2024 U.S. Dist. LEXIS 36721, [WL], at 40. Contrary to this obligations concerning where it may remove citizens of other countries Enwonwu asserted his Constitutional right of being a United States citizen that remedies, stays of proceedings & Supersede as HN4 in deciding whether to issue stay, the United States Supreme Court applies the same sound principles as other federal courts. The Court asks (1) whether the applicant is likely to succeed on the merits, (2) whether it will suffer irreparable injury without a stay, (3) whether the stay will substationally...

...Stay any effort to enforce the removal against him, while his BIA appeal unfold the application for stay are granted; enforcement of EPA's rule against the applicants shall be stayed pending the disposition of the applicants petition for review... "Labrador V. Poe, 601 U.S. __, __, 144S. Ct. 921, 218 L. Ed. 2d 400 (2024) (Kavanaugh, L., concurring in grant of stay) (slip op., at 2). In deciding whether to issue a stay, we apply the same "sound . . . principles" as other federal court. Nken V. Holder, 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009)

Congress has provided for relief from removal in specific and complex ways. This nuanced detail indicates that Congress has provided the fully panoply of methods it thinks should be available for an alien to seek relief from removal, leaving no discretion to DHS to provide additional programmatic forms of relief. 3 Finally, DHS could not appeal to general grants of authority.

Also see where government action or cause downstream injury to plaintiffs. The causation requirement also rules out attenuated links-that is, where the government action is so far removed from its distant (even if predictable_ ripple effects that the plaintiffs cannot establish Article III standing..... irreparable harm form FDA's continued approval of mifepristone and that an injunction would serve the public interest. FDA and Danco promptly appealed and moved to stay the District court's order pending appeal. The U.S. court of appeals for the fifth Circuit granted the stay motion in pat and temporarily reinstated FDA's approval of Mifeprex. 2023 U.S. App. LEXIS 8898, 2023 WL 2913725, * 21 (Apr. 12, 2023). But the court of Appeals stayed the District court's order in its entirety

pending the disposition of FDA's and Danco's appeals in the court of appeals and ultimate resolution by this court. 598 U.S.__, 144 S. Ct. 537, 217 L Ed. 2d 285 (2023) it seems no coincidence that associational stand's emergence in the 1960s overlaps with the emergence of [this] remedial phenomenon" of a similarly questionable nature. Association of American Physicians &…

It is currently experienced that Enwonwu has suffered medical negligence and medical malpractice in the hands of the DHS, while held in Alexandria ICE staging facility, in the State of Louisiana, on February 10th 2025;

when they also administered the wrong medication that caused him collapse while on his feet leading to a cardiac emergency room visit and had treatment for 7 hours which had intel blood samples drawn with a prescription of Tylenol 600ml and a released E.R. order, to follow up with an orthopedic doctor immediately with issues of a broken fibula bone which either, might have needed the bone placed on a cast.

These medical findings were later fabricated to say another, as It has been 90 days with this injury today re-healed on its own while , transferred from one facility to another, carried on to the plane through an 18 flights of stairs, into an aircraft without treatment. This is inhumane as the DHS intended on removing Enwonwu or attempted removal on that 18th February 2025 without any orthopedic treatment medical records should be obtained as it is on file in the institution that I am currently been held which is called Prairieland detention facility 1209 Sunflower Ln, Alvarado Texas 76009.

### *Exhaustion of administrative remedies*

As part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal. A stay does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it. (Roberts, Ch. J., joined by Stevens, Scalia, Kennedy, Souter, Ginsburg, and Breyer, JJ.) An injunction is a means by which a court tells someone what to do or not to do. When the court employs the extraordinary remedy of injunction, it directs the conduct of a party, and does so with the backing of its full coercive powers.

*8 U.S.C.S. 1252(b)(3)(B),* provides: "Service of the petition on the officer or employee does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise".

In a general sense, every order of a court which commands or forbids is an injunction but, in its accepted legal sense, an injunction is a judicial process or mandate operating in personam. This is so whether the injunction is preliminary or final; in both contexts, the order is directed at someone, and governs that party's conduct.

Stay: By contrast to an injunction, instead of directing the conduct of a particular actor, a stay operates upon the judicial proceeding itself. It does so either by halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability.

A stay pending appeal has some functional overlap with an injunction, particularly a preliminary one. Both can have the practical effect of preventing some action before the legality of that action has been conclusively determined. But a stay achieves this result by temporarily suspending the source of authority to act-the order or judgment in question-not by directing an actor's conduct.

A stay simply suspends judicial alteration of the status quo, while injunctive relief grants judicial intervention that has been withheld by lower courts. Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion. This is particularly true where the sections are enacted as part of a unified overhaul of judicial review procedures. A court takes Congress's structural choices into consideration when interpreting statutory provisions.

There is a presumption favoring the retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident. An alien need not satisfy the demanding standard of 8 U.S.C.S. 1252(f)(2) when asking a court of appeals to stay removal pending judicial review.

Injunction against removal under 8 U.S.C.S. 1252(f), provides:
(1) In general;
"Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter, as amended by [the Illegal Immigration Reform and Immigrant Responsibility Act of 1996], other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated".
(2) Particular cases; "Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section

unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law".

Under 8 U.S.C.S. 1252(f)(2), a court may not enjoin the removal of an alien subject to a final removal order, unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law. 1252(f)(2).

Procedural posture: court has jurisdiction to review de novo Board of Immigration Appeals decision that is contrary to law and will grant aliens petition in such case. Medina-Morales v. Ashcroft, 371 F.3d 520 (9th Cir. 2004).

Blocking of removal order under this Court's of appeal considering a petition for Habeas Corpus Writ also used in that context of review on removal order uncostitutionally entered by the BIA as a matter of consitutional question of law, may prevent that order from taking effect and therefore block removal while adjudicating the petition. Under the standard for a stay pending appeal, a court considers four factors:
(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public intere lies.

An appellate court's power to hold an order in abeyance while it assesses the legality of the order is described as inherent, preserved in the grant of authority to federal courts to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C.S. 1651(a); and Statutory interpretation turns on the language of the statute itself, the specific context in which that language is used, and the broader context of the statute as a whole. _28 U.S.C. § 2242:_ Section 2242. Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.
It shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known. It may be amended or supplemented as provided in the rules of procedure applicable to civil actions.

If addressed to the Supreme Court, a justice thereof or a circuit judge it shall state the reasons for not making application to the district court of the district in which the applicant is held. [Adopted 1948 ch. 646, June 25, 1948.]

An earlier filed petition with this court provides a detailed explanation of the longstanding exhaustion of Immigration and Customs Enforcement custody detention remedies requirement for ICE detainee who seek federal habeas corpus review.

In the immigration context, some courts have ruled that federal habeas corpus petitions challenging orders of removal are subject to a statutory requirement of exhaustion of administrative remedies; other courts have held that exhaustion of administrative remedies is not mandated by statute but is nonetheless required as a matter of common law and prudential concerns; and some courts have required exhaustion of not only administrative remedies but also the judicial remedy of a direct petition for review in the court of appeals.

Whatever the courts ultimately conclude about the origins and precise nature of these exhaustion requirements, they are as several courts have recognized subject to well-established rules excusing the need for exhaustion in particular circumstances such as, for example; where exhaustion would be futile because the administrative agency lacks the authority or ability to adjudicate the claim raised in the habeas corpus petition or has previously rejected petitioners position on the issue; *Id*

Or where the agency or some other governmental official has interfered with the petitioners ability to make effective use of the administrative or other remedy;

Or where the petitioner cannot practicably utilize the remedy because of the imminence of removal or some other harm;

Or, with respect to the non-statutory, prudentially-based exhaustion rule, where utilization of the administrative procedure would serve no useful purpose;

Or where strict application of the exhaustion requirement to foreclose review of a claim would result in a manifest injustice.

The criteria for satisfying the exhaustion requirement(s) in the immigration habeas corpus context may differ in at least some respects from the rules that have been developed for exhaustion in the section 2254 state prisoner context because of the different functions that the exhaustion rule serves in these distinct contexts.

Moreover, moves to reopen the § 2241 habeas corpus petition as there is no constitutionally permissible basis for his continued detention."); cf. Gonzalez, 545 U.S. at 532 n.4 (A Rule 60(b) movant "is not [making a habeas claim] when he merely asserts that a previous ruling which precluded a merits determination was in error.

The District Court should have considered the effect of an ICE detainee's transfer on a district court's jurisdiction at the Rule 60(b) stage not the § 2241 filing stage.

This error is fatal to the Louisiana Federal District Court's analysis to not brief Enwonwu's Habeas Corpus 2241 for the Government's response on the since 02/26/2025 denying him constitutional due process rights to be heard despite his transfer from his territorial state jurisdiction of Maine on 11/03/2024 to the State of Louisiana, since then;

Again, essentially a claim that had come out of existence on the reasoning that ENWONWU's filed petition constitutes that conclusion of his immediate release from ICE/DHS prolonged detention from 12/12/2023 to date 04/24/2025.

As such rather, relevant to this point, requiring other reason[s] that justified relief which "raised" evidence that have now come to light, Viewing a novel discussion or argument made in this particular filed pending 2241 Habeas petition before this court,

It did not address the merits of why the circumstances of his continued detention violated his right to due process under the Fifth Amendment and warranted his immediate release, on his challenge to constitutional legal correctness of the District Court's determination is now lacking,

In sum, on a threshold determination that he was ineligible for immediate release due to the change in the statutory scheme governing his detention. See, ("[T]he Court should have determined that Petitioner's period of detention was not constitutional under *Zadvydas* [.]").

Which requires a consideration of "other reason[s] that justif[y] relief," and may include those that were not "raised" in the underlying petition as it did not come to light until now after the review of the administrative records.

The power to grant a stay pending review is described as part of a court's traditional equipment for the administration of justice. A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. A party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.

The fact that the issuance of a stay pending appeal is left to a court's discretion does not mean that no legal standard governs that discretion. A motion

to a court's discretion is a motion, not to its inclination, but to its judgment, and its judgment is to be guided by sound legal principles.

Those legal principles are distilled into consideration of four factors:
(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4) where the public interest lies.

The first two factors of the traditional standard for a stay pending appeal are the most critical. It is not enough that the chance of success on the merits be better than negligible.

More than a mere possibility of relief is required. By the same token, simply showing some possibility of irreparable injury fails to satisfy the second factor.

Once an applicant satisfies the first two factors for a stay pending appeal, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest. These factors merge when the government is the opposing party. In considering them, courts must be mindful that the government's role as the respondent in every removal proceeding does not make the public interest in each individual one negligible.

I, FRANCIS OBIORA ENWONWU, moves this court on filed Injunction against removal with the 2241 Habeas Corpus petition on his eligibility as a United States Citizen currently pending the USCIS, on that recorded FOIA shown records of Adoption legal name as
FRANCIS ENWONWU AMAZU on USCIS official record to his "won" 1993 green card lottery program visa processing, to which he was a beneficiary of, a 12 years old minor child legally adopted by United States Citizen Parents, whom were United States Citizens while he was under the age of 16 years qualifying him as a USC. See his pending application for citizenship and issuance of certificate under section 332(USCIS FORM N-600k)

**_Wrongful removal:_** There is a public interest in preventing citizens of the United States like Enwonwu being wrongfully removed as an alien to a particular country were his likely to face substantial harm, but that is no basis for the blithe assertion of an absence of any injury to the public interest when a stay pending review is granted.

There is always a public interest in prompt execution of removal orders: the continued presence of an United States Citizen unlawfully deemed an alien Ordered removable undermines the streamlined removal proceedings and permits a different kind of prolonged continuing abuse to due process and these witnessed core violations to the consitution of United States laws.

The interest in prompt removal may be heightened in this case by the circumstances as well-if, for example, the court take into account the DHS/ICE's contiunance in prolonging his custody detention by abusing the processes provided constitutionally to the immigration administration since 06/11/2024 when Enwonwu's first 180 days ordinarily went out.

***Legal permanent residency***: this Courts have jurisdiction to hear Enwonwu's claim that U.S. Citizenship and Immigration Services has acted inconsistent with FOIA Request(s) and 8 CFR 103.2(b)(18), and to compel action under authority of Administrative Procedures Act, in conjunction with federal question jurisdiction. Jianhua Dong v. Chertoff, 513 F. Supp. 2d 1158 (N.D. Cal. 2007). Because the DHS had not complied with 8 CFR 103.2(b)(18), Enwonwu is entitled to judgment on his pending application for citizenship and issuance of certificate under section 332(USCIS FORM N-600k); that action seeking to compel USCIS to adjudicate his pending application for proof of United States Citizenship through legal adoption by United States Citizen parents as a minor under 16 years of age, in the year of 1993;

Additionally 8 USCS 1252(a)(2)(B)(ii) did not deprive this court of jurisdiction to hear Enwonwu's allegation that determination of his pending application for citizenship and issuance of certificate under section 332 USCIS FORM N-600k had been unlawfully withheld because, while ultimate decision to grant or deny application for adjustment of status was unquestionably discretionary, and 8 CFR 103.2(b)(18) imposed non-discretionary duty upon Enwonwu with specific framework for both timing and manner of withholding adjudication of adjustment of Citizenship status. Jianhua Dong v. Chertoff, 513 F. Supp. 2d 1158 (N.D. Cal. 2007).

Court had jurisdiction to review BIA's denials of petitioner's filed motions to stay deportation on 02/13/2025 giving DHS/ICE the green light with their attempted deportation removal attempt on 02/18/2025 while his filed "***Motion to Reopen and Reconsider Sua Sponte***" was still currently pending before the Board, and jurisdiction-stripping provisions of 8 USCS 1252(a)(1)(B)(ii) did not apply to agency decisions made discretionary by statute, not regulation. Victor v. Holder, 616 F.3d 705 (7th Cir. 2010).( *A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board of Immigration Appeals decision and shall be supported by pertinent authority. 8*

*C.F.R. 1003.2(b)(1). The Board of Immigration Appeals has discretion to reopen a removal proceeding when the Enwonwu presents material evidence that was not available and could not have been discovered or presented at the former hearing. 8 C.F.R. 1003.2(c)(1)).*

Moreover, it appeared that BIA may have misperceived inrelevant laws in not deciding whether to sua sponte reopen petitioner Enwonwu's removal proceedings, to which have now been pending before the Board since july 5th of 2024, court exercised jurisdiction to review reasoning behind BIAs refusal; when presented with BIA decision rejecting motion for sua sponte reopening "stay of removal" filed with "MTR", this court could exercise jurisdiction to limited extent of recognizing when BIA has relied on incorrect legal premise. Pllumi v. AG of the United States, 642 F.3d 155 (3d Cir. 2011).

Because BIA retained unfettered discretion to decline to sua sponte reopen or reconsider filed stay of removal on this particular deportation proceeding, appellate court have jurisdiction to review pending BIA's untimely decline to exercise such discretion to  hear Enwonwu's pending motion to reopen or reconsider case currently before the Baord of Immigration Appeals.

However, court could exercise jurisdiction to limited extent of recognizing when BIA relied on incorrect legal premise; thus, court exercised its jurisdiction in instant case to examine validity of BIAs legal determination that post-departure bar precluded its review of petitioner's motion to reopen sua sponte. Desai v. AG of the United States, 695 F.3d 267 (3d Cir. 2012) Also see; he filed a sua sponte motion to reopen with the BIA, arguing that under the BIA's decision in In re Devison, 22 I. & N. Dec. 1362 (B.I.A 2000) which came down shortly after Ovalle was deported and held that youthful offender adjudications do not constitute "conviction[s]" under the INA, id. at 1373he was never "convicted of a[] crime" for immigration purposes and his removal proceedings should be "reopen[ed] and terminat[ed]," AR 26. The BIA reasoned that, while our Circuit and many others have "invalidated the post-departure {791 Fed. Appx. 335} bar when applied to statutory motions to reopen, i.e., timely motions to reopen[,]{2019 U.S. App. LEXIS 3} . . . untimely (sua sponte) motions to reopen are subject to the post-departure bar" according to our decision in Desai v. AG of the United States, 695 F.3d 267 (3d Cir. 2012). AR 2. Because Ovalle filed a sua sponte motion, the BIA applied Desai and concluded that he was "not eligible for sua sponte reopening in light of the post-departure bar." AR 2. Ovalle timely appealed

Traditional stay criteria-rather than provision (8 U.S.C.S. 1252(f)(2)) sharply restricting circumstances under which court could issue injunction blocking Enwonwu's removal from the United States-held to apply to granting of stay by Federal Court of Appeals while it considered legality of removal order.

The BIA denied the Enwonwu's motion for a stay pending the outcome of his filed ***Motion to Reopen and Reconsider Sua Sponte*** before that Immigration Appeal's Court on 02/13/2025. See; Regulations on motions to reopen and to reconsider and on administrative appeals. Act Nov. 29, 1990, P. L. 101-649, Title V, Subtitle D, 545(d), 104 Stat. 5066, provides: Within 6 months after the date of the enactment of this Act, the Attorney General shall issue regulations with respect to

(1) the period of time in which motions to reopen and to reconsider may be offered in deportation proceedings, which regulations include a limitation on the number of such motions that may be filed and a maximum time period for the filing of such motions; and

(2) the time period for the filing of administrative appeals in deportation proceedings and for the filing of appellate and reply briefs, which regulations include a limitation on the number of administrative appeals that may be made, a maximum time period for the filing of such motions and briefs, the items to be included in the notice of appeal, and the consolidation of motions to reopen or to reconsider with the appeal of the order of deportation..

Enwonwu contended that denial of the stay requested was improper under the standard of 1252(f), which does not preclude an injunction against removal.

As Enwonwu have showed by clear and convincing evidence that the entry or execution of the removal order was illegal, as lodged Attempted Theft Offense by the DHS were legally prohibited by United States Supreme Court set precedents Rulings of Constitutional case law.

Enwonwu argued that 1252(b)(3)(B) permitted the stay under the traditional standard which required only a showing of likely success on the merits, irreparable injury, lack of injury to other parties, and the public interest.

The U.S. Supreme Court held that the standard applicable to injunctive relief from removal under 1252(f) did not preclude a stay of removal pending review under 1252(b)(3)(B) by application of the traditional standards for such a stay.

A stay and an injunction were not synonymous, since an injunction typically referred to an order requiring a person to act or refrain from acting and a stay was a temporary suspension of legal proceedings, and the statutory limitation on injunctive relief from removal thus did not limit a court's inherent authority to stay the removal order.

The BIA's judgment denying the alien's motion for a stay of removal pending Motion to Reopen must be vacated, and the case should be viewed in light to consideration of the alien's motion for a stay under the traditional standards for a stay of proceedings.

Petitioner thereafter have successfully sought post-conviction relief by filing a motion to vacate pursuant to 28 U.S.C. 2254.in 2019 when the Massachusetts Federal District Court sent his case back to the state court.

**Permits access to 2241 when two conditions are satisfied**: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"-in other words, when there is a change in statutory case law that applies retroactively in cases on collateral review.

Second, the prisoner must be "otherwise barred from challenging the legality of the conviction under 2255 or 2254." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. "Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting Dorsainvil, 119 F.3d at 251).

In the instant case, Petitioner challenges the DHS's lodged Attempted Theft Offense conviction, presenting several arguments for why they are invalid. (Doc. No. 1.) Petitioner, however, has met his burden of demonstrating that a motion under 2241 is adequate or effective to challenge the legality of his detention.

Moreover, Petitioner's claim is premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. Although Petitioner previously filed a successful 2254 motion to which sent him back to the Massachusetts state court in 2019, "[s]ection 2241 is now the adequate or effective merely because the sentencing court does not grant Federal relief." (noting that it "is the inefficacy of the remedy [under the Massachusetts state court], not the personal inability to use it, that is determinative");

13

In his 2241 petition, Petitioner asserts that his conviction lodged by the Government (DHS/ICE) are illegal for various reasons. (Doc. No. 1) For example, Petitioner contends that DHS's lodged Attempted Theft Offense used, as basis of his immigration deportation was "not presented before a grand jury and did not have any true-bill documentation as an indictment." Id. Petitioner further maintains further that:

*(1) DHS/ICE the Respondents did not have authority to detain him;*

*(2) Respondents did not have authority to "enforce [his statute of conviction] over the territory of [his] residential [s]tate";*

*(3) He "was not tried under any semblance of due process";*

*(4) His conviction was "based upon unofficial dicta";*

*(5) Respondents are "financially incentivized to incarcerate him irrespective of legality"; and*

*(6) The presumption of his "actual innocence was never overcome. "Id. As relief, Petitioner seeks immediate release from custody.*

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. 2255 in the sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75, 128 S. Ct. 2229, 171 L. Ed. 2d 41 (2008); see also Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting, "a section 2254 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").

Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. 2241 in the district court for the federal judicial district where he is in custody. See 28 U.S.C. 2241(a); Rumsfeld v. Padilla, 542 U.S. at 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).

However, if a petitioner shows "that a 2255 motion 'is inadequate or ineffective {2020 U.S. Dist. LEXIS 4} to test the legality of his detention,' . . . [he may] resort to 2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. 2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'"). See Rule 4, 28 U.S.C. foll. 2254. (Petitioner has filed 2018 Habeas with the Massachusetts Federal District Court.)

14

Moreover, "2255 or 2254 is not inadequate or ineffective merely because the petitioner cannot satisfy 2255's timeliness or other gatekeeping requirements." See <u>Long v. Fairton</u>, 611 F. App'x 53, 55 (3d Cir. 2015) (citing <u>Dorsainvil</u>, 119 F.3d at 251). The Third Circuit:

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241 (Doc. No. 1) Should be granted based on precedents set by the United States Supreme Court cases with prejudice,

Subject to the pre-authorization requirements set forth in 28 U.S.C. 2244 and 2255(h), as they may not apply. Because Petitioner is detained because of a process issued by a state court, now unconstitutionally used by the Government in Deportation attempts and the petition was once brought pursuant to 2254;

To which action by that Court with respect to a certificate of appealability were denied even though it was necessary, and an appropriate Order must follow.

A court asked to stay removal can simply assume that ordinarily the balance of hardships will weigh heavily in the applicant's favor.

Respectfully Submitted

pro-se

Francis Obiora Enwonwu
Dated May 5th of 2025
Allen Parish Public Safety
Complex
P.O. Box 250
Oberlin, LA 70655

## CERTIFICATE OF SERVICE

I FRANCIS OBIORA ENWONWU, hereby send filed injunction through the service of United States postal service mail on this day dated May 5, 2025 to the clerk of the United States District Court for the District of Massachusetts.

I am requesting that court serve the opposing party the Government (DHS) on this matter

Respectfully Submitted

Pro - se

Francis Obiora Enwonwu
Dated May 5th of 2025
Allen Parish Public Safety
Complex
P.O. Box 250
Oberlin, LA 70655